9. Old WCW's remaining claims are moot in light of our previous holdings.

*Judgments affirmed in Case Nos. A04A1897 and A04A1898. Judgment reversed in Case No. A04A1899. Ruffin, C. J., and Adams, J., concur. Blackburn, P. J., and Mikell, J., not participating.*

DECIDED FEBRUARY 11, 2005.

*Sims, Moss, Kline & Davis, Gerald B. Kline, Eric C. Lang*, for Marvel Enterprises, Inc.

*Chorey, Taylor & Feil, John L. Taylor, Jr., Otto F. Feil III, Troutman Sanders, James A. Lamberth, Wesley B. Tailor, Lynette E. Smith*, for World Wrestling Federation Entertainment, Inc. and Universal Wrestling Corporation.

A04A1967. SAMS v. THE STATE.
(610 SE2d 592)

BARNES, Judge.

Following his conviction and sentence of twelve months, ten days of which to serve in confinement, Eugene Sams appeals his misdemeanor conviction for making harassing telephone calls, contending that the State presented insufficient evidence of the crime. We disagree, and affirm the conviction.

We view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997). We construe the evidence and all reasonable inferences from the evidence most strongly in favor of the jury's verdict. *Sims v. State*, 226 Ga. App. 116, 117 (1) (486 SE2d 365) (1997).

Viewed in that light, the evidence at trial established that Sams was an assistant manager at World Finance on November 27, 2001, when he called the victim several times. He called three times in a row from a company phone, which was identified on the victim's caller ID,

each time pressing the victim for payment on a loan. The victim tried to explain during the first call, in which Sams identified himself only as being from World Finance, that she was not late because she had been processing her disability insurance with the finance company. She also explained that she had been unable to walk or drive for six months, and had delivered a baby two weeks before, but that she would bring the paperwork in the morning. Sams was not interested in her reasons, but wanted to know who was going to pay the "damn money." The victim's baby was crying so she hung up.

Sams called back immediately, identified himself as "Mr. Sams," and began arguing with the victim, telling her he was "tired of people not paying," and that if she did not pay he would "go legal" on her. She hung up and he called back a third time. The two exchanged "cuss words," and the victim told Sams she did not have the money, then hung up on him. Five or ten minutes later, while the victim was on the phone with her sister, her call waiting beeped and her caller ID identified the caller as "Eugene Sams." She switched her phone to pick up Sams' call, and he said, "Listen to me, you bitch. You don't know who you're f____g with. I'll come to [the victim's address] and I'll f___ you up."

The victim hung up and switched back to the call with her sister, to whom she reported the conversation, and when Sams called back a fifth time, the victim allowed her answering machine to pick up. Sams left a threatening message. The victim played the message for her sister, then for the two police officers who responded to her call about the matter. The sister recognized Sams' voice, as she knew him through her own loan with World Finance. All of the witnesses agreed that Sams threatened on the tape to come to the victim's house and "blow her f____g head off." Finally, the victim testified that these calls left her frightened, as she was alone with her newborn and one-year-old, and Sams was privy to all of her personal information.

OCGA § 16-11-39.1 (a) provides:

> A person commits the offense of harassing phone calls if such person telephones another person repeatedly, whether or not conversation ensues, for the purpose of annoying, harassing, or molesting another person or the family of such other person; uses over the telephone language threatening bodily harm; telephones and intentionally fails to hang up or disengage the connection; or knowingly permits any telephone under such person's control to be used for any purpose prohibited by this subsection.

We conclude that the evidence as outlined above was sufficient for a rational trier of fact to find Sams guilty beyond a reasonable doubt of

making harassing telephone calls. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Corsini v. State*, 238 Ga. App. 383, 384 (1) (519 SE2d 39) (1999); *Hall v. State*, 226 Ga. App. 380, 381-382 (a) (487 SE2d 41) (1997).

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 11, 2005.

*Gregory W. Holt*, for appellant.

*Kelly R. Burke, District Attorney, Jason E. Ashford, Assistant District Attorney*, for appellee.