### 75896. FAULKNER v. THE STATE.
(368 SE2d 820)

BENHAM, Judge.

This appeal is from appellant's conviction of three counts of first degree forgery.

1. The evidence showed that appellant cashed three checks drawn on the account of a business owned by appellant. The checks

were made to appellant and the signature was in the name of Lamar White. An agent of the bank on which the checks were drawn testified that the account was already overdrawn when the checks were written and that appellant was the person authorized to sign checks on the account. That evidence was sufficient to authorize a rational trier of fact to find appellant guilty of all three counts of first degree forgery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Gaily v. State*, 181 Ga. App. 906 (1) (354 SE2d 442) (1987).

2. In his second enumeration of error, appellant contends that the trial court violated OCGA § 17-8-57 by commenting on what had been proved. We disagree.

One point of appellant's defense was a showing that the checks had been paid and that the victims had agreed to drop the charges. The case had been dead-docketed once, and appellant attempted to explain that as having occurred because the matter had been settled between his former counsel and a former assistant district attorney. The State resisted that effort, contending that the dead-docketing of the case was not due to settlement, but to appellant's failure to appear for trial when it was first on the calendar. During defense counsel's argument to the jury, the prosecuting attorney objected to a statement concerning the reason the case was dead-docketed. After a colloquy, the trial court explained its ruling that the dead-docketing issue was irrelevant by explaining to the jury how the dead-docketing came about: appellant did not appear for trial and the same trial judge issued a bench warrant and put the case on the dead docket.

Considering the circumstances in which the trial court made its comment, we find this issue to be controlled by *Goode v. State*, 171 Ga. App. 901 (2) (321 SE2d 410) (1984): "It is reversible error for a judge in any criminal case 'to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused.' OCGA § 17-8-5[7]. 'However, remarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence.' *Johnson v. State*, 246 Ga. 126 (5) (269 SE2d 18) (1980)." The trial court was explaining its ruling; we find no error.

3. Finally, appellant complains that he was prejudiced by improper remarks of the prosecuting attorney during closing argument. The remarks to which appellant takes exception were that defense counsel is paid to argue for appellant and that part of appellant's defense, that the State had to prove that there was no person with the name that was signed to the check, was a "smokescreen."

The trial court directed the jury to disregard the first remark, but appellant contends that it was so egregious that its effect cannot be cured. This court has ruled otherwise in *Miles v. State*, 183 Ga. App. 346 (2) (358 SE2d 904) (1987), where such a remark was held not to

be "so invidious as to deny appellant a fair trial or render the guilty verdict suspect." Id. at 349.

The second remark was not the subject of an objection, so no issue is raised on appeal concerning it. *Hudson v. State*, 250 Ga. 479 (4) (299 SE2d 531) (1983). Even *Hall v. State*, 180 Ga. App. 881 (3) (350 SE2d 801) (1986), on which appellant relies, does not dispense with the requirement that an objection be made in the trial court. We hold, therefore, that appellant has shown no harmful error arising from the trial court's actions during closing argument.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 20, 1988.

*H. Haywood Turner III*, for appellant.

*William J. Smith, District Attorney, J. Gray Conger, Assistant District Attorney*, for appellee.