A91A1429. PACE v. THE STATE.
(411 SE2d 361)

COOPER, Judge.

Defendant, an inmate, appeals his conviction by a jury of obstruction of a correctional officer.

1. In his first enumeration of error, defendant contends that the evidence was insufficient to support his conviction. The trial transcript reflects that Officer Diaz, a correctional officer at the Georgia State Prison in Reidsville, was directed to move defendant from one cell to another cell. When defendant was instructed to pack his belongings, he refused and gave as a reason that he did not want to be moved next to any "sissies." Defendant was referring to Robert Autry, an inmate who resided in the cell next to the one where defendant was to be moved. Officer Diaz checked defendant's inmate sensor sheet to determine if there had been any difficulties between defendant and Autry and found no indication that there had been problems between the two. Officer Diaz testified that if defendant's sensor sheet had indicated problems between defendant and Autry, then defendant would not have been moved to that cell. Defendant was told several more times to pack his belongings, and each time he refused, giving the same reason. Defendant did not inform Officer Diaz that there had been problems between defendant and Autry or that defendant felt threatened by Autry. When it became clear that defendant was not going to cooperate, Officer Diaz ordered four correctional officers wearing protective gear to forcibly move defendant from the cell. When the officers entered the cell, defendant got up on his bed and violently resisted the officers by swinging and kicking wildly at the officers. Defendant hit one of the officers and grabbed his shirt, tearing off the buttons. Viewed in the light most favorable to the jury verdict, the evidence was sufficient to authorize a rational trier of fact

to find defendant guilty beyond a reasonable doubt of obstruction of a correctional officer. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Holloway v. State*, 194 Ga. App. 525 (391 SE2d 123) (1990).

2. In his second enumeration of error, defendant contends that the trial court erred in failing to give his five requests to charge on justification and that the trial court's charge on the offense of obstruction of an officer was incorrect. The trial court charged the jury that they would be authorized to find defendant not guilty if defendant's use of force against the correctional officer was for the sole purpose of preventing the unlawful use of force against defendant. " ' "A requested charge needs to be given only where it embraces a correct and complete principle of law adjusted to the facts and which is not otherwise included in the general instructions given." ' [Cit.]" *Fancher v. State*, 190 Ga. App. 438, 440 (2) (378 SE2d 923) (1989). The court's charge adequately instructed the jury on the circumstances which would justify defendant's use of force, and we find no error with the failure to give the charges defendant requested.

The trial court also charged the jury that "a person commits the offense of obstructing or hindering a law enforcement officer when he knowingly and willfully resists, obstructs, or opposes any law enforcement officer, prison guard, or correctional officer who is in the lawful discharge of his official duties by offering or doing violence to the person. . . ." Defendant contends that in a later portion of the court's charge on the offense of obstruction of a correctional officer, the court left out the words "by offering or doing violence." " ' "The charge to the jury is to be taken as a whole and not out of context when making determinations as to the correctness of same. (Cits.) . . ." [Cits.]' " *Johnson v. State*, 187 Ga. App. 803, 804 (3) (371 SE2d 419) (1988). Our review of the charge as a whole reveals that the trial court charged the jury adequately on the offense of obstruction of a correctional officer.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED OCTOBER 10, 1991.

*Joel E. Williams, Jr.,* for appellant.

*Dupont K. Cheney, District Attorney, Charles D. Howard, Assistant District Attorney,* for appellee.