## A93A0895. HOLMES v. THE STATE.
(435 SE2d 492)

BLACKBURN, Judge.

On May 15, 1992, a one-count indictment, alleging armed robbery, was returned against Aurice Brown, Ricky Denson, Hubert Wiggins, Jr., and appellant, Dexter Holmes. Brown had not been arrested at the time of the trial. Co-defendants Denson, Wiggins and Holmes were tried together. The trial court granted a directed verdict of acquittal as to defendant Wiggins and a mistrial was declared as to defendant Denson. The jury found Holmes guilty of armed robbery.

1. On appeal, Holmes asserts that the trial court erred in failing to give curative instructions with regard to the court's statements concerning its decision to grant a directed verdict of acquittal as to defendant Wiggins. The trial court stated: "Okay. Ladies and gentlemen, while y'all were in the jury room, the State announced that they didn't have any more evidence. So the State has rested and, with regard to Mr. Wiggins, I've determined that there is not enough evidence to go to a jury on him. So I've directed a verdict of not guilty with regard to Mr. Wiggins. So it is now time for the defendants to present their case. . . ." Holmes argues that by this statement, the trial court implied that there was sufficient evidence with regard to the remaining defendants, thereby commenting on the evidence in violation of OCGA § 17-8-57. While the better practice would have been for the trial judge not to have indicated the reason why defendant Wiggins' case was no longer before the jury, we have previously determined that "remarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence." (Citation and punctuation omitted.) *Faulkner v. State*, 186 Ga. App. 879, 880 (368 SE2d 820) (1988). Also, the trial court instructed the jury that it should not consider any of the court's rulings as an expression of opinion on the weight of evidence presented in the case.

2. In his second enumeration of error, Holmes asserts that the trial court erred in failing to instruct the jury as to the definition of a felony. In his request to charge, Holmes requested that the court instruct the jury that "a felony means a crime punishable by death, or by imprisonment for life, or by imprisonment for more than twelve months." Holmes contends that the charge was justified as the word "felony" appeared on the indictment which the jury takes to the jury room during their deliberation. He argues that the jury should be instructed as to the definition of any legal term that is used in the indictment.

Generally, the trial court, rather than the jury, is responsible for the determination of punishment after the guilt or innocence of the defendant has been established. See *Wallace v. State*, 188 Ga. App. 77, 78 (371 SE2d 914) (1988). While the defendant's lawyer was very

creative in attempting to inject into the trial the non-existent potential of the defendant being sentenced to death in the case sub judice, the trial court appropriately refused to give the requested charge, and did not err in doing so.

"A requested charge needs to be given only where it embraces a correct and complete principle of law adjusted to the facts and which is not otherwise included in the general instructions given." (Citations and punctuation omitted.) *Pace v. State*, 201 Ga. App. 475, 476 (411 SE2d 361) (1991). Holmes' request to charge was not adjusted to the facts of the case as the State did not seek the death penalty in this case.

3. In his third enumeration of error, Holmes asserts that the trial court erred in failing to charge the jury that they were not to be influenced by public opinion whether it be for or against the accused and that they were not to be concerned about the attitude of the public toward the crime charged. There was no evidence presented at trial which would warrant the requested charge. As the charge was not warranted by the evidence presented at trial, the trial court did not err in failing to give the requested charge. *Chandler v. State*, 204 Ga. App. 512, 513 (419 SE2d 751) (1992). The trial court did charge the jury that they were to consider the testimony and the evidence presented together with the court's charge in determining the guilt or innocence of each defendant.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED AUGUST 24, 1993.

*Hallman & Stewart, D. Jay Stewart*, for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellee.

