S97A0671. CROWDER v. THE STATE.
(491 SE2d 323)

FLETCHER, Presiding Justice.

A jury convicted Marcus Crowder of felony murder, two counts of aggravated assault, false imprisonment, and possession of a firearm during the commission of a crime in the shooting death of Cleophus Ammons.[1] The state sought the death penalty and the jury returned

---

[1] The crimes occurred August 21, 1994. A grand jury indicted Crowder December 8,

a sentence of life without parole. On appeal, Crowder raises numerous issues, including a challenge to victim impact testimony. Because the victim impact evidence was not unduly prejudicial and the other issues contain no harmful error, we affirm.

The evidence at trial showed that Crowder, Marvin Turner,[2] and Martin Boyer decided to rob the Super Valu Grocery Store in Clarkston. After one failed attempt at kidnapping Ammons, who was the store manager, they arranged for Turner's girl friend to lure Ammons to a place where he could be ambushed and kidnapped. They kidnapped him and took him to Turner's apartment where they beat him and tortured him. They demanded that he give them the security code and safe combination, which Ammons did. While Crowder held Ammons at the apartment, Turner and Boyer went to the store, but were unable to open the safe. Upon their return to the apartment, Crowder and Turner decided to kill Ammons. They called Darian Tant, who they knew would lead them to a place to dispose of the body. Crowder, Turner, and Tant drove Ammons to a deserted cemetery in Rockdale County. Crowder shot Ammons in the back of the head, then Tant and Turner also shot him. Later, Crowder and Turner robbed the Super Valu store with the assistance of Tyrone Jones, who had been promoted to assistant manager after Ammons' murder.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Crowder guilty of the crimes charged beyond a reasonable doubt.[3]

2. Crowder challenges the admission of victim impact evidence from the victim's mother and sister. This evidence was given in the same manner as approved by this Court in *Turner v. State*.[4] Additionally, we have reviewed the statements and find that neither were unduly prejudicial or inflammatory.

3. During the sentencing phase, Crowder sought to introduce into evidence a certified copy of the sentence Turner received.

---

1994 and on December 30, 1994, the state served its notice of intention to seek the death penalty. The jury returned its guilty verdicts June 24, 1996 and fixed the penalty at life without parole. The trial court merged both aggravated assault counts into the felony murder count and sentenced Crowder to life without parole for felony murder, and to a five-year consecutive term on the possession count. Crowder filed a motion for new trial on July 8, 1996, which he amended on November 7, 1996. The trial court denied the motion on November 18, 1996. Crowder filed his notice of appeal on December 16, 1996, which was docketed in this Court on January 23, 1997 and submitted for decision without oral arguments on March 17, 1997.

[2] This Court affirmed Turner's convictions and sentence of life without parole in *Turner v. State*, 268 Ga. 213 (486 SE2d 839) (1997).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] 268 Ga. at 213.

Crowder contends that the fact that Turner received a sentence of life without parole was relevant mitigating evidence during the sentencing phase. Under Georgia's statutory death-penalty scheme, any evidence that relates to the defendant's character, prior record, or the circumstances of the offense is admissible as mitigating evidence.[5] While this is a broad standard, we are not persuaded at this time that a certified copy of a co-defendant's life sentence is a mitigating circumstance for the jury to consider.[6] Even if it were error to exclude this evidence, there was no prejudice because Crowder also received a sentence of life without parole.

4. The state used a peremptory strike to remove one of four black jurors on the panel. In response to Crowder's *Batson*[7] challenge, the state said it struck the juror because of her prior negative experience with law enforcement officers. The state also struck a white male who expressed similar experiences with police. The trial court did not err in finding that this was a sufficient race-neutral reason and in overruling the *Batson* motion.

5. We have reviewed Crowder's remaining enumerations of error and find that they contain no error requiring reversal.[8]

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 22, 1997 —
RECONSIDERATION DENIED OCTOBER 31, 1997.

*John P. Howell,* for appellant.
*Cheryl F. Custer, District Attorney, Thurbert E. Baker, Attorney*

---

[5] *Franklin v. State*, 245 Ga. 141, 152 (263 SE2d 666) (1980).

[6] Compare *Kimbrough v. State*, 254 Ga. 504, 505 (330 SE2d 875) (1985) (in a death penalty case, trial court allowed defendant to cross-examine a co-defendant about his 15-year sentence) with *Allen v. State*, 253 Ga. 390, 395 (321 SE2d 710) (1984) (in performing proportionality review, Supreme Court must give special consideration to sentences received by co-defendants in the same crime).

[7] *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

[8] Crowder contends that the trial court committed error in the striking of jurors under *Witherspoon v. Illinois*, 391 U. S. 510 (88 SC 1770, 20 LE2d 776) (1968); not permitting voir dire on the meaning of a life sentence; denying a motion to suppress evidence seized from Turner's apartment pursuant to a search warrant; allowing evidence of a statement made by Crowder to his co-defendant while in custody; admitting "similar transaction" evidence of the July 1994 kidnapping of the manager of a restaurant and robbery of that restaurant and the attempted kidnapping of Ammons from his home in July 1994; admitting "res gestae" evidence of the burglary of the Super Valu store in September 1995 and of Crowder's May 1995 escape from jail; admitting pre-autopsy photographs and videotapes of the victim and crime scene; restricting voir dire on pretrial publicity; and admitting a letter written by Tant that conflicted with his in-court testimony. In addition, Crowder presents no argument or citations to support the following enumerations of error and, therefore, they are deemed abandoned under Supreme Court Rule 22: enumerations 8, 11, 12, 14-22, 24, 26-34, and 36.

*General, Paula K. Smith, Senior Assistant Attorney General, Beth Attaway, Assistant Attorney General,* for appellee.