S98A0415. YOUNG v. THE STATE.
S98A0714. WILLIAMS v. THE STATE.
(500 SE2d 583)

HUNSTEIN, Justice.

Gabriel Young, Lawrence Williams and Renard Tremble were charged with crimes arising out of the shooting death of A. K. Williams (no relation to Lawrence Williams), a Savannah store owner. The three men were tried together and at the close of the evidence, the court directed a verdict in favor of Tremble. The court thereafter allowed the State to reopen its case to introduce into evidence Tremble's non-redacted statement to the police. The jury found Young and Williams guilty of the charged crimes. Because we find no abuse of the trial court's discretion in denying appellants' motions for new

---

[6] OCGA § 39-1-1.

trial and no reversible error in the remaining enumerated errors, we affirm the convictions and sentences entered thereon.[1]

1. The evidence adduced at trial authorized the jury to find that Tremble and appellants gathered at a nearby park and planned an armed robbery of the gas station/convenience store owned and operated by the victim and his wife only minutes before the crimes. While Tremble and Young engaged the victim in conversation in the garage, Williams approached the victim's wife, who was tending the cash register in the grocery store, and pulled a pistol on her when she turned to get change for the soft drink Williams had pretended to purchase. When the victim entered the grocery store, Williams fired repeatedly, hitting the victim twice and inflicting fatal injuries. Appellants and Tremble then fled the scene. Although the victim's wife and a customer who had exited the store moments before the crimes were not able to identify the perpetrators, one eyewitness told police she saw Williams running from the scene and another witness testified she saw Young, or his "twin," also leaving the area. Young gave a statement to the police admitting he was at the scene serving as a lookout; a live .22 caliber long-rifle bullet found in Young's possession was of the same type recovered from the victim's body. Young's half-brother (and cousin by marriage to Williams) testified that shortly after the crimes, while he was present with Young and Williams, Williams admitted that "they" had attempted to rob the store and that Williams had shot the victim.

We find this evidence sufficient to enable a rational trier of fact to find beyond a reasonable doubt that appellants committed the crimes for which they were convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, the trial court did not err by denying appellants' motions for a directed verdict of acquittal. *Smith v. State*, 267 Ga. 502 (3) (480 SE2d 838) (1997).

2. Appellants contend the trial court erred by denying their motion for new trial based on newly discovered evidence. A trial court's denial of a motion for new trial will not be reversed unless it

---

[1] The crimes occurred on July 28, 1993. Williams, Young and Tremble were indicted November 10, 1993 in Chatham County. The trial court directed a verdict in favor of Tremble on March 25, 1994. The jury on March 30, 1994 found Young and Williams guilty of felony murder, aggravated assault on the murder victim, two counts of aggravated assault as to Ms. Williams, and possession of a firearm during the commission of a felony. The trial court sentenced both men on April 11, 1994 to life on the felony murder charge, twenty years concurrent on the aggravated assault on Ms. Williams and five years consecutive on the possession charge. The motions for new trial filed by Young and Williams, as amended, were denied September 25, 1997. Young filed a notice of appeal on October 17, 1997 and his appeal was docketed on December 3, 1997. Williams' motion for out-of-time appeal was granted December 12, 1997, his notice of appeal was filed the same day, and the appeal was docketed February 3, 1998. This Court granted the motion to consolidate oral arguments, which were heard April 13, 1998.

affirmatively appears that the court abused its discretion. *Kitchens v. State*, 228 Ga. 624 (4) (187 SE2d 268) (1972). In a hearing that involved four days of testimony and argument, appellants adduced their newly discovered evidence, which consisted of two unsworn statements by Karim Blake[2] claiming that he, Raymond Washington and Kendall Washington committed the crimes in issue, and also physical evidence identifying Raymond's fingerprints on one of the cooler doors in the grocery section of the victim's store. Blake testified at the new trial hearing and retracted his earlier statements. Raymond Washington also testified, stating that when he walked into the victim's store to purchase a drink, he unwittingly came upon the armed robbery in progress and fled the scene, afterwards telling Blake about the event. Washington denied participating in the crimes and identified Young as one of the men involved in the crimes and as the person Washington saw shooting at the victim.

In a thorough review of all the evidence, the trial court considered this testimony and the State's counter-evidence, which revealed striking discrepancies between Blake's testimony and the facts established by the crime scene and eyewitnesses. In addition to Blake's sworn retraction of his earlier statements and testimony by Blake and others about his tendency to lie, the State established that Blake's earlier statements contained factual inaccuracies found only in media reports of the crime, reports which Blake testified he had followed closely,[3] and that the earlier statements failed to take into account important details that an actual participant in the crimes could not have missed.[4]

After considering the six criteria which appellants had to satisfy in order to obtain a new trial on the ground of newly discovered evidence, see *Timberlake v. State*, 246 Ga. 488 (1) (271 SE2d 792) (1980),[5] the trial court determined that appellants had failed to

---

[2] Both statements were made while Blake was incarcerated. The first statement was made to a boot camp counselor; the other was made to an investigator from the district attorney's office and a police officer.

[3] Two of the inaccuracies garnered solely from media reports include Blake's claim that he saw the victim being shot in the forehead (both shots entered the victim's arms, with the one fatal shot continuing into the victim's lungs) and that he passed a man mowing a lawn near the store (as reported in the paper; however, the owner of the property and other eyewitnesses testified no one was mowing the day of the crimes).

[4] The trial court noted in particular that Blake's descriptions of the victim failed to mention a flamboyant hat the victim was wearing.

[5] As set forth in *Timberlake*, supra, on motion for a new trial based on newly discovered evidence, it is incumbent that the movant satisfy the court (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness is attached to the motion or its absence accounted for; and (6) that the new evidence does not operate solely to impeach the credibility of a witness. Failure to show one requirement is sufficient to

establish that the evidence was so material that it would probably have produced a different verdict. Contrary to appellants' claims, the trial court did not itself improperly pass upon the credibility of the witnesses as a matter of law. Compare *Bell v. State*, 227 Ga. 800 (3) (183 SE2d 357) (1971); *Humphrey v. State*, 207 Ga. App. 472 (1) (428 SE2d 362) (1993). Rather, the court correctly considered the newly discovered evidence of Blake's unsworn statements and Washington's explanation for the presence of his fingerprints; the State's counter showing, including Washington's testimony and the evidence establishing important discrepancies between Blake's statements and the facts of the crime; and the evidence adduced at trial which was sufficient to authorize the jury to find appellants were guilty beyond a reasonable doubt. See Division 1, supra. "The judge who conducted the trial overruled the motion for new trial based on newly discovered evidence and his determination is entitled to great consideration." *Humphrey v. State*, 252 Ga. 525, 529 (314 SE2d 436) (1984). Having heard the evidence adduced at trial and at the new trial hearing, the trial court concluded that the newly discovered evidence would not reasonably have produced a different verdict. We cannot say, after reviewing the record as a whole, that the trial court abused its discretion in denying appellants' motion for a new trial. See generally *Kitchens*, supra; *Evans v. State*, 177 Ga. App. 820 (4) (341 SE2d 483) (1986).

3. We find no reversible error in the trial court's admission of three photos of the deceased depicting the injuries he received. *Russell v. State*, 267 Ga. 865 (3) (485 SE2d 717) (1997).

4. Appellants contend the trial court committed reversible error in making comments to the jury after directing the verdict for co-defendant Tremble.[6] Appellants claim that these statements implied to the jury that, while Tremble could not be found guilty based on the evidence, appellants were guilty since there was sufficient evidence with which the jury could convict them. Hence, appellants contend that the trial court expressed its opinion to the jury in derogation of OCGA § 17-8-57, which finds error when judges in criminal cases express or intimate their opinions "as to what has or has not been proved or as to the guilt of the accused."

However, an examination of the trial court's entire statement made to the jury reveals that these statements were made along with the caution that neither the directed verdict, nor the judge's words

---

deny a motion for new trial. Id. at 491.

[6] Appellants point to the trial court's statements that "I have made a determination that the State has not presented here in Court sufficient evidence for me to allow you to consider whether or not to return convictions against Renard Tremble . . ." and "Now the case is still pending against the other two [d]efendants."

were to imply the guilt or innocence of any of the defendants.[7] Remarks of the trial court assigning a reason for its ruling are neither an expression of opinion nor a comment on the evidence. *Crowe v. State,* 265 Ga. 582 (19) (458 SE2d 799) (1995). See also *Holmes v. State,* 210 Ga. App. 118 (1) (435 SE2d 492) (1993) (no error where court instructed jury not to consider directed verdict ruling as an expression of opinion on weight of evidence presented). The trial court here admonished the jury not to consider its comments as passing on the sufficiency of evidence against the appellants, and it clearly did not express any opinion thereon.

5. Appellants' remaining enumerations have either been abandoned pursuant to Supreme Court Rule 22, see *Crowder v. State,* 268 Ga. 517, 519, n. 8 (491 SE2d 323) (1997), or are without merit.[8]

*Judgments affirmed. All the Justices concur.*

DECIDED MAY 26, 1998.

*Donald B. Lowe III,* for appellant (case no. S98A0415).
*William O. Cox,* for appellant (case no. S98A0714).
*Spencer Lawton, Jr., District Attorney, Kimberly D. Rowden, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Deborah L. Gale, Assistant Attorney General,* for appellee.

---

[7] The transcript reveals that the judge stated that "[i]n making this ruling, I am not making any opinion as to whether Mr. Tremble is innocent or guilty" and "I am not expressing any opinion one way or the other about the guilt or innocence of the remaining [d]efendants and you should draw no inferences from my ruling."

[8] Appellants enumerate as error the denial of motions for mistrial, including a motion regarding testimony about appellants' marijuana usage, and the denial of their motion for severance. Appellant Williams also enumerates as error the admission of testimony not in his redacted statement and prejudicial hearsay.