## S10A1225. LINSON v. THE STATE.

(700 SE2d 394)

CARLEY, Presiding Justice.

Appellant Vickie Faye Linson was charged with malice murder, felony murder, and cruelty to children, and, after a jury trial, she was found guilty of each offense. The trial court entered judgments of conviction on the guilty verdicts and imposed concurrent sentences of life imprisonment for malice murder and felony murder and 20 years for cruelty to children. A motion for new trial was denied, and Appellant appeals.[*]

1. Construed most strongly in support of the verdicts, the evidence shows that the victim of all crimes charged was Zi'Terrian Linson, who was Appellant's 16-month-old son, was afraid of her, and had been physically abused by her on numerous occasions. Mario Johnson, who was Appellant's co-defendant at trial, was her boyfriend and lived in the same apartment. On the morning of January 2, 2008, Appellant awakened Johnson and asked him to take care of

---

[*] The crimes occurred on January 2, 2008, and the grand jury returned an indictment on February 5, 2008. The jury found Appellant guilty on March 6, 2009 and, on that same day, the trial court entered the judgments of conviction and sentences. The motion for new trial was filed on March 26, 2009, amended on January 15, 2010, and denied on January 19, 2010. Appellant filed the notice of appeal on February 9, 2010. The case was docketed in this Court for the April 2010 term and submitted for decision on the briefs.

the victim. She did not follow her usual practice of notifying her child care provider that the victim would not be coming that day. Although Appellant claimed that she heard the victim fall out of bed, she left for work, later telling friends that she heard him crying and knew that he was dying.

Johnson tried to console the victim, finally realized something was wrong, and sought help in a panicked and distraught manner. Emergency personnel found the victim cool to the touch and in a very grave condition. Appellant arrived and was unemotional, trying to obtain information from Johnson, and declining to ride in the ambulance or with the police escort. Having learned that the victim's body was cool, Appellant falsely reported a problem with the apartment's heating unit. She later incorrectly told police that she did not have a phone number for the child care provider. At the hospital, Johnson continued to be distraught and Appellant was unconcerned. Several witnesses testified to Appellant's lack of grief and apparently insincere displays of grief when the victim's death was announced and at the time of the funeral.

The forensic pathologist testified that the victim had extensive external and internal injuries which were caused by blunt force trauma, including a great amount of force to the abdomen, and were inconsistent with a single fall. The primary cause of death was internal bleeding from extensive lacerations to the liver. Relying on part of a statement by Johnson as to time and medical testimony presented by the defense, Appellant contends that the fatal injury was likely inflicted after she left home. However, according to the pathologist's testimony and contrary to Appellant's contention, the nature of the victim's injuries and the temperature of his body indicate that those injuries and even the death itself could have occurred well before Appellant left for work.

Both Appellant and Johnson stipulated to the admissibility of polygraph examinations. The examination of Johnson was inconclusive as to whether he caused the injuries to the victim's stomach, but Appellant's examination strongly indicated deception in all of her relevant responses. See *Johnson v. State*, 281 Ga. 770, 771 (1) (642 SE2d 827) (2007); *Hendrick v. State*, 257 Ga. 514, 515 (3) (361 SE2d 169) (1987).

> " " "(Q)uestions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict of guilty is unsupportable as a matter of law." (Cit.)' (Cit.) It is the role of the jury to

resolve conflicts in the evidence and to determine the credibility of witnesses, and the resolution of such conflicts adversely to the defendant does not render the evidence insufficient. (Cit.)" [Cit.]

*Phillips v. State*, 287 Ga. 560, 561-562 (1) (697 SE2d 818) (2010). Reviewing the evidence in the light most favorable to the verdicts, we conclude that it was sufficient to exclude every reasonable hypothesis except for that of Appellant's guilt and to authorize a rational trier of fact to find her guilty of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Jackson v. State*, 281 Ga. 705-706 (1) (642 SE2d 656) (2007).

2. Appellant urges that the trial court's conduct, rulings, and comments compromised its neutrality and violated Appellant's constitutional right to a fair, adversarial, and reliable trial, as codified in OCGA § 17-8-57.

The State argues that, because Appellant failed to object to any of the first three comments of which she complains, she has waived any error.

However, we have clarified that a violation of OCGA § 17-8-57 will always constitute "plain error," meaning that the failure to object at trial will not waive the issue on appeal. [Cit.] On appeal, the issue is simply whether there was such a violation. If so, "(i)t is well established that th(e) statutory language is mandatory and that a violation of OCGA § 17-8-57 requires a new trial. (Cits.)" [Cit.]

*State v. Gardner*, 286 Ga. 633, 634 (690 SE2d 164) (2010). OCGA § 17-8-57 mandates reversal of the judgment in a criminal case where the trial court expresses its opinion "as to what has or has not been proved or as to the guilt of the accused . . . ." "Such reversal is required, though, only when such comments are made in the presence of the jury. [Cit.]" *Johnson v. State*, 278 Ga. 344, 346 (2) (602 SE2d 623) (2004). See also *Lockaby v. State*, 265 Ga. App. 527, 528 (1) (594 SE2d 729) (2004) (" 'the purpose of OCGA § 17-8-57 is to prevent the jury from being influenced' "). One comment of which Appellant complains occurred when the trial court, in an effort to keep the proceedings under control and to prevent a disturbance, warned Appellant outside the presence of the jury that she would be removed from the courtroom if she could not stay under control. "We find nothing improper in the trial court's conduct." *Cheek v. State*, 265 Ga. App. 15, 19 (3) (593 SE2d 55) (2003). See also *Johnson v. State*, supra.

Appellant also argues that the trial court erroneously expressed its opinion when it stated during preliminary instructions that the

State may not use all of its witnesses and "may think they don't need them all," and when Johnson's videotaped statement was stopped and the trial court explained to the jury that the parties were trying to shorten it and not be repetitive. The first comment was made in the context of an explanation of the procedures that would be followed for the receipt of evidence. The context of the second comment indicates that the trial court was explaining that the parties had agreed to present only part of the long videotape and were adhering to that agreement. Because these comments were limited to a clarification of procedures and did not address the credibility of witnesses or any fact at issue in the trial, "they do not constitute a basis for reversal." *John v. State*, 282 Ga. 792, 795 (3) (653 SE2d 435) (2007). See also *Humphrey v. State*, 249 Ga. App. 805, 809 (4) (549 SE2d 144) (2001) ("comments that are ministerial do not violate" OCGA § 17-8-57).

Appellant further complains that the trial court, after noting that the prosecutor indicated in closing argument that she did not believe that Johnson was guilty of the murder charges, instructed the jury to fill in not guilty on both murder counts on Johnson's verdict form. After defense counsel objected, the trial court instead instructed the jurors, over a renewed objection, that it was granting Johnson's previously denied motion for directed verdict as to the murder charges based upon the evidence. While the better practice would have been for the trial court not to have indicated the reason why the murder charges against Johnson were "no longer before the jury, we have previously determined that 'remarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence.' [Cit.]" *Holmes v. State*, 210 Ga. App. 118 (1) (435 SE2d 492) (1993). The trial court did not express any opinion as to the sufficiency of the evidence against Appellant. *Young v. State*, 269 Ga. 490, 494 (4) (500 SE2d 583) (1998). See also *Dixon v. State*, 300 Ga. App. 183, 186 (3) (684 SE2d 679) (2009); *Abbott v. State*, 91 Ga. App. 380 (3) (85 SE2d 615) (1955). Furthermore, the trial court instructed the jurors that it did not intend by any ruling to express any opinion on the facts of the case, the credibility of witnesses, the evidence, or the guilt or innocence of the defendant. *Holmes v. State*, supra. See also *Young v. State*, supra. Accordingly, we find no violation of OCGA § 17-8-57.

3. Appellant contends, and the State concedes, that she could not be convicted of both malice murder and felony murder. Indeed, Appellant "murdered a single victim and can be sentenced for either malice or felony murder but not both. [Cits.]" *Nix v. State*, 280 Ga. 141, 142 (2) (625 SE2d 746) (2006). See also *Malcolm v. State*, 263 Ga. 369, 371 (4) (434 SE2d 479) (1993). The felony murder verdict was " 'simply surplusage, which (should) properly (have been)

disposed of by the trial (court's) [imposition] of only one life sentence for the [two] murder counts.' [Cits.]" *Malcolm v. State*, supra at 372 (4). "Accordingly, the separate judgment of conviction and sentence for felony murder must be vacated." *Nix v. State*, supra.

4. Appellant further contends that cruelty to children, which was the predicate offense for felony murder, merges into that count. Because the felony murder conviction must be vacated by operation of OCGA § 16-1-7, cruelty to children does not merge into felony murder and may be vacated only if it merges into malice murder as a lesser included offense thereof. *Collum v. State*, 281 Ga. 719, 724 (6) (642 SE2d 640) (2007). See also *Malcolm v. State*, supra at 372-374 (5). In *Drinkard v. Walker*, 281 Ga. 211 (636 SE2d 530) (2006), "we disapproved the 'actual evidence' test and adopted the 'required evidence' test for determining when one offense is included in another under OCGA § 16-1-6 (1)." *Waits v. State*, 282 Ga. 1, 4 (2) (644 SE2d 127) (2007). The "required evidence" test does not apply "unless 'the same conduct' of the accused establishes the commission of multiple crimes. OCGA § 16-1-7 (a) (1). [Cit.]" *Waits v. State*, supra. The State concedes that the indictment charged Appellant in all three counts with the same conduct of striking the victim with a blunt object. However, assuming that the "same conduct" of Appellant established the commission of both malice murder and cruelty to children, merger of the two crimes is not required on this basis. If the same conduct established the commission of both offenses, it is necessary to take the next step in the analysis by applying the "required evidence" test for determining when one offense is included in another:

> [A] single act may constitute an offense which violates more than one statute, " 'and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.' (Cit.)" *Drinkard v. Walker*, supra at 215 . . . .

*Waits v. State*, supra.

Both malice murder and cruelty to children, as charged in the indictment, require a malicious intent. See OCGA §§ 16-5-1 (a), 16-5-70 (b). However, " '(t)he fact that [such intent] supports an element in each crime does not warrant merging of the sentences where other mutually exclusive elements of the crimes remain.' [Cit.]" *Drinkard v. Walker*, supra at 216. The other elements of the two offenses must be compared. "Malice murder, but not [cruelty to children], requires proof that the defendant caused the death of another human being . . . . OCGA § 16-5-1 (a)." *Hutchins v. State*, 284

Ga. 395, 396 (667 SE2d 589) (2008), overruled on other grounds, *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010). "Cruelty to children, but not [malice murder], requires proof that the victim was a child under the age of 18 who was caused cruel or excessive physical or mental pain. OCGA § 16-5-70 (b)." *Waits v. State*, supra. See also *Collum v. State*, supra. "Therefore, each crime requires proof of at least one additional element which the other does not." *Waits v. State*, supra at 4-5 (2). See also *Hutchins v. State*, supra. Furthermore, the crimes of malice murder and cruelty to children are not "so closely related that multiple convictions are prohibited under other provisions of OCGA §§ 16-1-6 and 16-1-7. *Drinkard v. Walker*, supra at 216, fn. 32." *Waits v. State*, supra at 5 (2). See also *Hutchins v. State*, supra. Accordingly, "even if the 'same conduct' establishes the commission of both [malice murder] and cruelty to children, the two crimes do not merge . . . ." *Waits v. State*, supra.

Interestingly, this holding and portions of our analysis are not inconsistent with the following pre-*Drinkard* precedent involving the same crimes: *Jackson v. State*, 276 Ga. 94, 95 (5) (575 SE2d 447) (2003); *Parker v. State*, 270 Ga. 256, 257-258 (1) (507 SE2d 744) (1998); *McCartney v. State*, 262 Ga. 156, 160 (5) (414 SE2d 227) (1992). However, these cases are hereby overruled to the extent that they are inconsistent with any of our analysis under *Drinkard*.

Although we vacate the judgment of conviction and sentence for felony murder, the judgments of conviction and sentences for malice murder and cruelty to children are affirmed.

*Judgments affirmed in part and vacated in part. All the Justices concur.*

DECIDED OCTOBER 4, 2010.

*Julianne W. Holliday*, for appellant.

*Peter J. Skandalakis, District Attorney, Monique L. Kirby, Timothy M. Marlow, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Sheila E. Gallow, Assistant Attorney General*, for appellee.