## A11A0281. CANNON v. THE STATE.

(712 SE2d 645)

MILLER, Presiding Judge.

A DeKalb County jury convicted Johnnie Lee Cannon, Jr., of bus hijacking (OCGA § 16-12-123 (a) (1) (A)), possession of a firearm during the commission of bus hijacking (OCGA § 16-11-106 (b) (1)), aggravated assault with a deadly weapon against the bus driver (OCGA § 16-5-21 (a) (2)), and possession of a firearm during the commission of aggravated assault (OCGA § 16-11-106 (b) (1)). Cannon contends that the trial court erred in denying his motion for a directed verdict upon the foregoing offenses and in limiting the expert testimony Cannon offered regarding eyewitness identification. Discerning no error, we affirm.

"The standard of review for the denial of a motion for directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction." (Citation omitted.) *Hester v. State*, 282 Ga. 239, 240 (2) (647 SE2d 60) (2007).

Viewed in the light most favorable to the jury's verdict (*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)), the evidence shows that on May 16, 2008, a MARTA bus was stopped at a DeKalb County intersection. The bus was empty except for the driver and one male passenger in the back. The bus driver saw a young woman, who appeared to be agitated, approach the bus door. As the bus driver let the woman on the bus, a green Mercury Marquis pulled up beside the bus in the left turn lane. Cannon got out of the car and walked to the bus door. Believing that Cannon and the young woman were together, the bus driver opened the door. Rather than getting on the bus, however, Cannon brandished a handgun at the bus driver and ordered the woman off. As Cannon drove away with the woman, the bus driver managed to write down the tag number of Cannon's vehicle.

An NCIC computer check revealed that the vehicle Cannon drove was registered to his mother, with whom Cannon resided. The police located a vehicle the tag number of which matched that given by the bus driver in the driveway at Cannon's address. Presented with a photo lineup, the bus driver immediately identified Cannon as the perpetrator. A search warrant was executed for the residence and the Mercury Marquis. In the residence, the police recovered a loaded automatic handgun on a table similar to that used at the scene. Fingerprints matching those of Cannon and clothing matching that which he wore at the scene were found in the Mercury Marquis.

1. Cannon claims that the trial court erred by denying his motion for a directed verdict as to the offenses of bus hijacking, aggravated assault, and two counts of possession of a firearm during the commission of such offenses, arguing that the evidence was

insufficient to support his convictions thereof. We disagree.

(a) Bus Hijacking. "A person commits the offense of bus . . . hijacking when he or she . . . [s]eizes or exercises control by force or violence or threat of force or violence of any bus or rail vehicle within the jurisdiction of this state." OCGA § 16-12-123 (a) (1) (A). Cannon was indicted with bus hijacking in that he "did by force, unlawfully exercise control of a bus."

In this regard, Cannon argues that his conviction of bus hijacking cannot stand because the bus was stopped at a red light at the time of the incident, foreclosing any finding that he exercised control over the same. The record shows, however, that Cannon brandished a handgun in the open door of the bus as he ordered a passenger to get off. This, in conjunction with the bus driver's testimony — that she did not feel free to drive away notwithstanding the red light because she felt her life was in danger and "didn't want to take off in the bus and agitate [Cannon] and cause him to shoot" — authorized a rational trier of fact to conclude beyond a reasonable doubt that Cannon exercised control of the bus by force. "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. Thus, the trial court's refusal to enter a directed verdict on this count of the indictment was not error.

(b) Aggravated Assault. Cannon claims that there was insufficient evidence upon which to find him guilty of aggravated assault under Count 5 of the indictment which charged that Cannon did "make an assault upon the person of [the bus driver] with a deadly weapon, to wit: a handgun by brandishing the handgun[.]" In such regard, driver Alston testified at trial that she was afraid when she saw the gun; that she felt "[her] life could be in danger or something"; and that she chose not to drive away for fear that he would shoot. Cannon argues, however, that his actions had not placed the bus driver in fear, because the statements she made to police failed to mention that she felt in danger or in fear upon observing the handgun Cannon brandished. Cannon also characterizes Alston's testimony about being afraid as equivocal and points out that there is no evidence showing that she took "any steps to ensure her safety." These arguments, however, are merely challenges to the weight of the evidence. "[A]n appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." (Citation, punctuation and footnote omitted.) *Middlebrooks v. State*, 277 Ga. App. 551 (627 SE2d 154) (2006). Given the bus driver's testimony, we conclude that a rational trier of fact could have found Cannon guilty beyond a reasonable doubt of aggravated assault. See OCGA § 16-5-21 (a) (2) ("A person commits the offense of aggravated assault when he or she assaults: . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used

offensively against a person, is likely to or actually does result in serious bodily injury[.]'')

(c) Possession of a Firearm During the Commission of a Felony. Cannon argues that he cannot be found guilty of this offense if this Court reverses his felony convictions. The evidence shows, however, that Cannon committed the substantive offenses of bus hijacking and aggravated assault with a handgun, as above. Given the foregoing, the evidence, viewed to support the verdict, was sufficient for a rational trier of fact to have found Cannon guilty beyond a reasonable doubt of possession of a firearm during the commission of his felony convictions. OCGA § 16-11-106 (b) (1).

2. Cannon also complains of various limitations placed on the testimony of Cannon's expert witness Heather Kleider, specifically, her testimony regarding the phenomenon of "transference." Cannon argues that expert testimony as to transference could have established that the bus driver "may have seen [Cannon] in the area at the time that the alleged incident took place, but incorrectly transferred [Cannon's] image onto that of the actual perpetrator."

> Where eyewitness identification of the defendant is a key element of the State's case *and there is no substantial corroboration of that identification by other evidence*, trial courts may not exclude expert testimony without carefully weighing whether the evidence would assist the jury in assessing the reliability of eyewitness testimony and whether expert eyewitness testimony is the only effective way to reveal any weakness in an eyewitness identification.

(Citation and footnote omitted; emphasis supplied.) *Johnson v. State*, 272 Ga. 254, 257 (1) (526 SE2d 549) (2000). The admissibility of expert evidence on eyewitness identification, however, is a matter "within the trial court's control subject to appellate review for abuse of discretion." Id. at 256 (1).

Here, the trial court's refusal to admit eyewitness expert testimony was supported by extensive corroborating evidence. The license tag number of the car driven by the perpetrator was that registered to Cannon's mother; the tag number of the car in Cannon's driveway matched the one driven by the perpetrator from the scene; fingerprints matching Cannon's were found in the vehicle; a handgun matching the description of that used by the perpetrator was recovered from Cannon's house; clothing fitting the description of that worn by the perpetrator was recovered from the car in Cannon's driveway; and the bus driver unhesitatingly picked Cannon out of a photographic lineup and identified him in court. Further, Cannon presented no evidence indicating that the bus

driver saw or could have seen any other person at the time the instant offenses took place. Consequently, there was no factual basis for allowing testimony regarding the potential for misidentification based on transference theory, and the trial court did not abuse its discretion in rejecting expert testimony about such theory. *Howard v. State*, 286 Ga. 222, 228 (4) (686 SE2d 764) (2009); *Talton v. State*, 254 Ga. App. 111, 112 (1) (561 SE2d 139) (2002).

*Judgment affirmed. Ellington, C. J., and Doyle, J., concur.*

DECIDED JUNE 23, 2011 — 

*Drew Findling*, for appellant.

*R. Javoyne Hicks White, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.