A06A0215. LESTER v. THE STATE.
(628 SE2d 674)

ELLINGTON, Judge.

A Forsyth County jury found Thomas Lester guilty beyond a reasonable doubt of aggravated child molestation, OCGA § 16-6-4 (c); aggravated sexual battery, OCGA § 16-6-22.2; and three counts of child molestation, OCGA § 16-6-4 (a). Following the denial of his motion for a new trial, Lester appeals, challenging certain evidentiary rulings and the sufficiency of the evidence as to the one count of aggravated child molestation. In addition, Lester contends he was entitled to a new trial based on ineffective assistance of counsel and newly discovered evidence. For the reasons which follow, we affirm.

When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from the evidence. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001). Viewed in this light, the record reveals the following facts.

In October 2001, the twelve-year-old victim and his mother were visiting relatives in Forsyth County when they met Lester and his ten-year-old son, who were neighbors of the victim's relatives. The two boys played together at a family cookout and became fast friends. The victim's mother agreed to allow the victim to spend the following Friday night at Lester's house so the boys could camp out in a tent. On October 5, 2001, the victim and Lester's son fished and played games all evening and then went to bed in the tent. Lester insisted on sleeping in the tent between the two boys. The victim woke up during the night and discovered that his pants and boxer shorts were down at his ankles and that Lester was pressed up against him with Lester's erect penis touching the victim's leg. Lester was moving his hands all over the victim's body, including his penis and buttocks. Lester inserted his finger into the victim's anus. The victim smelled cooking oil and felt oil on his body and on Lester's body. Later, the victim saw a white cup containing oil in the tent.

The victim pulled his pants and boxers on and went into the residence. Lester followed him inside and sat beside him on the couch. Lester pulled the victim's pants and boxers down and fondled the victim's penis. Several times, Lester put his head near the victim's lap and once briefly touched the victim's penis with his mouth. The next day, immediately after being returned to his home, the victim asked to speak to his mother privately and told her about the molestation. As soon as the victim went inside to speak with his mother, Lester abruptly left the house, even though he had brought a plate of steaks for a planned cookout, and never returned.

Two days later, investigators obtained and executed a search warrant and found an empty beer can, an ashtray, and a white cup containing oil in the tent; they found an identical cup of oil in Lester's bedroom. Later that day, investigators obtained a warrant for Lester's arrest and ultimately found him hiding in a relative's closet.

Before trial, the trial court denied Lester's motion to suppress evidence seized when investigators searched his home. The trial court also conducted a hearing pursuant to Uniform Superior Court Rule (USCR) 31.3 (B) regarding the State's intent to present evidence that in 1983 Lester molested three boys, ages ten, eleven, and thirteen. The trial court ruled that the evidence would be admitted at trial. The victim testified at trial. Lester testified in his own defense and, in addition to denying all the acts of molestation, denied lying down in the tent with the boys. As to the 1983 similar transactions, Lester admitted that "there was some touching that went on" and testified that he made a mistake, pleaded guilty, and paid the penalty. The jury found Lester guilty beyond a reasonable doubt on all counts charged.

1. Lester contends the trial court abused its discretion in denying his motion to suppress evidence seized from his residence since the address shown on the search warrant was not the correct address.

> [T]he trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous[, but] where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.

(Citations omitted.) *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

"No search warrant shall be quashed or evidence suppressed because of a technical irregularity not affecting the substantial rights of the accused." OCGA § 17-5-31. Although a search warrant which describes the premises by street and number will generally not authorize a search of the premises at another street or number, a search warrant that is incorrect as to street number may be valid where there are other elements of description sufficiently particular to identify the premises to be searched. *Chambless v. State*, 165 Ga. App. 194, 195 (1) (300 SE2d 201) (1983). "The importance of exactitude of street address, it may be said, varies inversely with the thoroughness of the description." Id. See also *Carlton v. State*, 251 Ga. App. 339, 341 (1) (554 SE2d 318) (2001) (typographical errors which are not so material as to destroy the integrity of the affidavit or the validity of the warrant do not require suppression of evidence).

The record in this case shows that the affidavit of the officer seeking the search warrant correctly identified Lester's residence as "7515 Little Mill Road" and described the residence as being a single-wide mobile home, displaying a tent outside the residence. In

typing the warrant, however, the officer transposed the first two numbers so that the warrant authorized a search of "5715 Little Mill Road," described as being a single-wide mobile home, gray in color, with a wooden front porch/deck and a tent outside the residence. Lester's name appeared on the search warrant. Before executing the search warrant at 7515 Little Mill Road, the officer spoke with Lester's landlord and verified that Lester lived in the mobile home at that address; the location matched the premises described in the search warrant in other respects.

Given the fact that Lester was named in the warrant, the level of descriptive detail which matched the searched premises, and the officer's actions to verify that Lester lived at the residence, we find the description of the premises to be searched sufficiently exact to pass muster. *Landers v. State*, 183 Ga. App. 691, 692 (1) (359 SE2d 748) (1987); *Gumina v. State*, 166 Ga. App. 592, 594-595 (2) (305 SE2d 37) (1983).

2. Lester contends the trial court abused its discretion in failing to require the State to present in a pretrial motions hearing the evidence of similar transactions it intended to offer at trial. The record shows that the trial court ruled that evidence of the similar transactions would be admitted after the prosecuting attorney's proffer in which she identified what testimony and documents she intended to tender and described the facts that the evidence would show. Lester does not contend that the evidence was not admitted for a proper purpose, that there was insufficient evidence to establish that he committed the 1983 offenses, to which he pleaded guilty, or that there was insufficient similarity between the 1983 offenses and the crimes charged. See *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). Lester does not contend that at trial the State introduced evidence of the similar transactions which was not disclosed to him at the USCR 31.3 hearing; rather, Lester contends the State offered *less* evidence at trial than forecast in the pretrial proffer. Lester's argument focuses on the procedure which allowed the prosecutor to state in her place the nature of the evidence to be given regarding the similar transaction. But we have held that the State may satisfy the requirements of USCR 31.3 in this way. *Xulu v. State*, 256 Ga. App. 272, 275 (3) (568 SE2d 74) (2002); *Johnson v. State*, 204 Ga. App. 453 (1) (419 SE2d 741) (1992). Accordingly, this argument lacks merit.

3. Lester contends the evidence was insufficient to sustain the charge of aggravated child molestation which was based on an act of sodomy. Specifically, Lester contends that, because the evidence showed at most that his mouth touched the victim's penis "only for an instant," and did not include any allegation that he "put the [victim's] penis in his mouth, licked the penis, kissed the penis, or did any other

act that could be described as a 'sexual act,' " the evidence failed to prove a violation of OCGA § 16-6-4.[1] But whether Lester's conduct in touching the victim's penis with his mouth was an immoral or indecent act performed with the intent to arouse or satisfy his or the victim's sexual desires was a question for the jury. "The focus [of OCGA § 16-6-4] is on the adult's action toward the child in relation to the motive for the action; whether said action is 'immoral or indecent' is a jury question that may be determined in conjunction with the intent that drives the act." (Citations omitted.) *Stroeining v. State*, 226 Ga. App. 410, 412 (1) (486 SE2d 670) (1997). The evidence in this case was sufficient for a rational trier of fact to find Lester guilty beyond a reasonable doubt of aggravated child molestation as charged in the indictment. *Wiley v. State*, 271 Ga. App. 393, 395-396 (1) (609 SE2d 731) (2005).

4. Lester contends the trial court erred in instructing the jury on the definition of aggravated sexual battery. "Among other requirements, a jury instruction must be adjusted to the evidence and embody a correct, applicable, and complete statement of law." (Citation and punctuation omitted.) *Morris v. State*, 263 Ga. App. 115, 117 (2) (587 SE2d 272) (2003). "There is no error where it is unlikely that the instructions considered as a whole would mislead a jury of ordinary intelligence." (Citation and punctuation omitted.) *Garrett v. State*, 271 Ga. App. 646, 650 (2) (610 SE2d 595) (2005).

The trial court charged the jury: "A person commits the offense of aggravated sexual battery when he intentionally penetrates with a foreign object the sexual organ of another person without the consent of that person." The trial court omitted the words "or anus" from the statutory definition of the offense.[2] The trial court also instructed the jury regarding the State's burden to prove beyond a reasonable doubt every material allegation of the indictment, which charged Lester with aggravated sexual battery by digitally penetrating the victim's anus. Finally, the trial court instructed the jury that it would be authorized to convict Lester only if it found beyond a reasonable doubt that Lester committed the offenses as alleged in the indictment. Based on the circumstances, we find that the charge as a whole

---

[1] A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person. . . . A person commits the offense of aggravated child molestation when such person commits an offense of child molestation which act physically injures the child or involves an act of sodomy.
OCGA § 16-6-4 (a), (c).

[2] "A person commits the offense of aggravated sexual battery when he intentionally penetrates with a foreign object the sexual organ or anus of another person without the consent of that person." OCGA § 16-6-22.2 (b).

and as adjusted to the evidence would not have misled a jury of ordinary intelligence and thus could not have caused Lester to be convicted of aggravated sexual battery in a manner not alleged in the indictment. See *Vanwinkle v. State*, 263 Ga. App. 19, 20-21 (2) (587 SE2d 142) (2003) (where indictment charged defendant with aggravated sexual battery by putting his hand into the victim's vagina, the jury charge which only defined a human finger as a foreign object was not likely to mislead the jury).

5. Lester contends the trial court abused its discretion in denying his motion for a new trial based on ineffective assistance of counsel. Specifically, Lester contends his counsel's failure to subpoena Lester's son to testify at trial prevented Lester from offering evidence critical to his defense.

> In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)[.] The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. [As the appellate court, we] accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

(Citations and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 75-76 (586 SE2d 313) (2003). "As a general rule, matters of reasonable tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." (Citation and punctuation omitted.) *Grier v. State*, 273 Ga. 363, 365 (4) (541 SE2d 369) (2001).

In this case, Lester told his trial counsel before trial that his son had reported being molested by the alleged victim the night of the campout. Lester wanted to introduce evidence that the alleged victim molested Lester's son to support a defense theory that the victim fabricated the story that Lester molested him to cover up his own crime against Lester's son. At the hearing on Lester's motion for a new trial, Lester's son and Lester's counsel testified that, during five to ten telephone interviews over the course of months, Lester's son consistently refused to tell the lawyer that the alleged victim had molested him that night. Because Lester's counsel could not be confident how Lester's son would respond to questions about what happened the night of the campout and was concerned that the son

might not be a credible witness if he testified that the alleged victim molested him, the lawyer decided as a matter of strategy not to pursue this theory and not to call Lester's son as a witness. Under these circumstances a finding that counsel's strategic decision not to pursue this defense theory was reasonable was not clearly erroneous. *Silver v. State*, 276 Ga. App. 801, 802 (625 SE2d 81) (2005); *Hazelrigs v. State*, 255 Ga. App. 784, 786-787 (2) (567 SE2d 79) (2002).

6. Lester contends the trial court abused its discretion in denying his motion for a new trial based on newly discovered evidence. Specifically, Lester contends that within days after the jury returned the guilty verdicts his son told his trial counsel that the victim anally sodomized him (Lester's son) on the night of the campout. "[M]otions for new trial upon the ground of newly discovered evidence are addressed to the sound discretion of the trial judge, and a refusal to grant the motion will not be reversed unless that discretion is abused." (Citation and punctuation omitted.) *Brown v. State*, 209 Ga. App. 314, 316-317 (2) (433 SE2d 321) (1993).

Because evidence that the victim molested Lester's son was known to Lester before trial, it does not satisfy the definition of newly discovered evidence. OCGA § 5-5-23 (a new trial may be granted where evidence relating to new and material facts is discovered by the applicant after the rendition of a verdict against him and brought to the trial court's notice within the time allowed for a motion for new trial). Under *Timberlake v. State*, 246 Ga. 488 (271 SE2d 792) (1980), it is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court as to each of six requirements, including that the party first learned of the evidence after the trial. Id. at 491 (1). "Failure to show one requirement is sufficient to deny a motion for a new trial." (Citation and punctuation omitted.) *Fetter v. State*, 271 Ga. App. 652, 653 (610 SE2d 615) (2005). Because Lester cannot satisfy the first *Timberlake* requirement, the trial court did not abuse its discretion in denying Lester's motion for a new trial on the basis of evidence that was, at most, newly available, not newly discovered. *Dick v. State*, 248 Ga. 898, 901 (2) (287 SE2d 11) (1982); *Fetter v. State*, 271 Ga. App. at 654.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED MARCH 15, 2006 — ▮▮▮▮▮▮▮

*Marcus C. Chamblee*, for appellant.
*Penny A. Penn, District Attorney, Sandra A. Partridge, Assistant District Attorney*, for appellee.