## A09A0555. RIVERA v. THE STATE.

(673 SE2d 642)

BLACKBURN, Presiding Judge.

Following a jury trial, Jose Antonio Rivera was convicted of possession of cocaine[1] and trafficking in methamphetamine.[2] He appeals his conviction and the denial of his motion for new trial, arguing that he was entitled to a new trial because of newly discovered evidence and because the State unlawfully withheld that evidence. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, *Davis v. State*,[3] the evidence shows that on September 26, 2006, police officers were conducting surveillance of a specific mobile home in a local mobile home park based on reports that methamphetamine was being produced there. Not long after beginning their surveillance, the officers saw Rivera exit the mobile home carrying a large, gray bucket and walk toward a van parked nearby. As Rivera got into the van, one of the officers on the surveillance team approached, with his badge displayed, and asked Rivera if he would mind speaking with him. Rivera agreed to speak with the officer, exited the van and, in doing so, left the driver's side door of the vehicle open. As a result, the officer was able to see that the bucket, which Rivera had carried from the mobile home, contained what appeared to be a large quantity of methamphetamine. The officer asked Rivera what was in the bucket, and Rivera, responding that it contained his tools, then attempted to flee on foot. After a short chase, two officers from the surveillance team apprehended and arrested him. Subsequently, the officers searched the van and found that the gray bucket contained digital scales and a bag of cocaine, as well as the methamphetamine.

Rivera was charged by accusation with one count of possession of cocaine, one count of trafficking in methamphetamine, and one count of obstructing a police officer. At trial, two of the officers in the surveillance team testified as to Rivera's arrest, and a forensic chemist from the GBI State Crime Lab testified that the contraband found in Rivera's bucket constituted 12.08 grams of cocaine and 30.39 grams of methamphetamine. In his defense, Rivera testified that there was another person at the mobile home, who left shortly before he did, and that this person must have placed the drugs in his tool bucket without his knowledge.

At the conclusion of the trial, the jury found Rivera guilty of possession of cocaine and trafficking in methamphetamine, and he

---

[1] OCGA § 16-13-30 (a).

[2] OCGA § 16-13-31 (e).

[3] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

received a 20-year prison sentence.[4] Rivera filed a motion for new trial, which he amended twice. In the last version of his motion, he argued that he was entitled to a new trial on several grounds, including newly discovered evidence and the State's withholding of that same evidence. The trial court held a hearing, after which it denied Rivera's motion for new trial. This appeal followed.

1. In his first enumeration of error, Rivera contends that the trial court erred in denying his motion for new trial, arguing that his motion should have been granted based "on the grounds alleged" and based on newly discovered evidence. However, Rivera's contention that newly discovered evidence requires the grant of a new trial is the only claim of error within the first enumeration that is even somewhat supported by citation of authority and argument. Consequently, all other claims of error, which may have been alleged in Rivera's amended motion for new trial, but which are not supported by citation of authority or argument in this appeal, are deemed abandoned and will not be considered. Court of Appeals Rule 25 (c) (2). See *Bruster v. State*.[5]

2. We now address Rivera's contention that evidence that allegedly came to light after his trial constituted newly discovered evidence warranting the grant of a new trial. In doing so, we note that "[m]otions for new trial upon the ground of newly discovered evidence are addressed to the sound discretion of the trial judge, and a refusal to grant the motion will not be reversed unless that discretion is abused." (Punctuation omitted.) *Lester v. State*.[6] Furthermore, "[t]he trial court's determination is entitled to great consideration." (Punctuation omitted.) *Thompson v. State*.[7]

> It is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness.

---

[4] The trial court directed a verdict of acquittal as to the obstruction charge.

[5] *Bruster v. State*, 291 Ga. App. 490, 492 (4) (662 SE2d 265) (2008).

[6] *Lester v. State*, 278 Ga. App. 247, 253 (6) (628 SE2d 674) (2006).

[7] *Thompson v. State*, 291 Ga. App. 355, 360 (4) (662 SE2d 135) (2008).

(Punctuation omitted.) *Timberlake v. State*.[8] Failure to show even one of these requirements is sufficient to deny a motion for new trial. *Fetter v. State*.[9]

At some point after his trial in this matter, Rivera learned that the police officers involved in his arrest had been conducting surveillance earlier that same day on a suspect known as Ascension Peralta based on information that Peralta was using the same mobile home where Rivera was arrested to engage in drug trafficking. During the hearing on Rivera's motion for new trial, one of the officers confirmed this information, testifying that earlier on the same day as Rivera's arrest, the officer had followed Peralta to a local restaurant (where Peralta was allegedly meeting with a drug buyer) and to the mobile home park, before eventually stopping him for traffic violations and arresting him after finding a large quantity of methamphetamine in his vehicle. Peralta, who had pled guilty to trafficking in methamphetamine before Rivera's trial, generally confirmed the officer's account of his arrest and further testified during the hearing that he had seen Rivera working at the mobile home that day.

At the same hearing, Rivera provided confusing and somewhat contradictory testimony regarding his knowledge of Peralta. Initially, he testified that he knew Peralta and was aware that Peralta was a drug dealer but that Peralta was not the other person that he had seen at the mobile home that day and about whom he had testified at his trial. Upon further questioning, Rivera testified that before his trial, he knew that Peralta was involved in drug trafficking and was at the mobile home on the day of his arrest but that his trial counsel ignored him when he told him that there was a possible witness for his defense. Rivera further testified that he was initially afraid to name Peralta as one of the other people at the mobile home and then was not given the opportunity to do so at his trial. Rivera's trial counsel testified that none of the information regarding Peralta's arrest had been included in the discovery provided by the State in Rivera's case and that Rivera had never mentioned Peralta's name to him.

Rivera argues that the police officers' information concerning Peralta's arrest for trafficking in methamphetamine constitutes newly discovered evidence that supports his defense that someone else placed the drugs in his tool bucket without his knowledge, and thus warrants the grant of a new trial. However, Rivera testified that he knew of Peralta's drug trafficking and presence at the mobile

---

[8] *Timberlake v. State*, 246 Ga. 488, 491 (1) (271 SE2d 792) (1980).
[9] *Fetter v. State*, 271 Ga. App. 652, 653 (610 SE2d 615) (2005).

home prior to his trial but was either afraid or unable to mention this information to his trial counsel. Thus, the proffer that Rivera made shows that the testimony and discovery information were merely newly available, rather than newly discovered, evidence. See *Bryant v. State*;[10] *Thompson*, supra, 291 Ga. App. at 360 (4); *Kilby v. State*.[11]

Furthermore, Rivera has failed to establish that this evidence would reasonably have produced a different verdict. The fact that Peralta was present at the mobile home at some point during the day of Rivera's arrest and that Peralta was also arrested that day for trafficking in methamphetamine does not rebut or mitigate Rivera's guilt for the same crime. See *Walker v. State*;[12] *Wells v. State*.[13] Accordingly, we discern no abuse of the trial court's discretion in denying Rivera's motion for new trial. See *Thompson*, supra, 291 Ga. App. at 360 (4).

3. Rivera also contends that by failing to provide him with the information regarding Peralta's arrest, the State withheld exculpatory evidence in violation of his due process rights under *Brady v. Maryland*[14] and the Georgia reciprocal discovery act.[15] We disagree.

*Brady* holds that the suppression by the prosecution of evidence favorable to a defendant is a violation of due process. Supra, 373 U. S. at 87. In order to prove a *Brady* violation, Rivera

> had to show that: (1) the State possessed the information favorable to [Rivera]; (2) [Rivera] did not possess the evidence nor could he obtain it with due diligence; (3) the prosecution suppressed the evidence; and (4) a reasonable probability exists that the outcome of the trial would have been different had the evidence been disclosed.

(Punctuation omitted.) *Ellis v. State*.[16] Pretermitting whether the information regarding Peralta's arrest constituted material that should have been produced by the State in Rivera's case pursuant to the reciprocal discovery act, we have found in Division 1, supra, that there is no reasonable probability that the evidence would have produced a different verdict. Thus, we similarly find no *Brady* violation in this matter. See *Hester v. State*.[17] Accordingly, the trial court did not err in denying Rivera's motion for new trial.

---

[10] *Bryant v. State*, 274 Ga. 798, 800 (3) (560 SE2d 23) (2002).
[11] *Kilby v. State*, 289 Ga. App. 457, 459-460 (2) (657 SE2d 567) (2008).
[12] *Walker v. State*, 282 Ga. 703, 706 (4) (653 SE2d 468) (2007).
[13] *Wells v. State*, 237 Ga. App. 109, 111 (1) (514 SE2d 245) (1999).
[14] *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).
[15] OCGA § 17-16-1 et seq.
[16] *Ellis v. State*, 289 Ga. App. 452, 455 (2) (657 SE2d 562) (2008).
[17] *Hester v. State*, 282 Ga. 239, 242-243 (4) (647 SE2d 60) (2007).

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED FEBRUARY 17, 2009.

*John A. Beall IV*, for appellant.
*Jewel C. Scott, District Attorney, James J. Lacy, Assistant District Attorney*, for appellee.