## A10A2152. TAYLOR v. THE STATE.
(705 SE2d 295)

MILLER, Chief Judge.

A jury convicted Maurice Antonio Taylor of single counts of armed robbery (OCGA § 16-8-41 (a)), aggravated assault (OCGA § 16-5-21 (a) (1)), burglary (OCGA § 16-7-1 (a)), and possession of a firearm during the commission of a crime (OCGA § 16-11-106 (b)). On appeal, he challenges the sufficiency of the evidence and asserts that the trial court abused its discretion in denying his amended motion for new trial based upon newly discovered evidence.

This Court reviews the denial of a motion for new trial upon the ground of newly discovered evidence for an abuse of discretion.

> [M]otions for new trial upon the ground of newly discovered evidence are addressed to the sound discretion of the trial judge, and a refusal to grant the motion will not be reversed unless that discretion is abused. Furthermore, the trial court's determination is entitled to great consideration.

(Citations, punctuation and footnotes omitted.) *Rivera v. State*, 296 Ga. App. 152, 153-154 (2) (673 SE2d 642) (2009).

Viewed in the light most favorable to the jury's verdict (*Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005)), the evidence shows that in the late evening of April 17, 2006, Robert James Ward, Jr., heard the sound of breaking glass and the scream of his nine-year-old nephew. When Ward went to investigate the matter, he encountered Charles Daniel Mitchell, Taylor's co-defendant. Ward knocked Mitchell to the floor, knocking Mitchell's gun from his hand as he did so. Seeing this, Taylor shot Ward twice in the back. As Ward lay on the floor disabled, Taylor went through Ward's pockets, stealing his wallet, driver's license, credit cards, and $6,000 in cash.

During an investigation of the incident, Taylor and Mitchell were identified as suspects, and their arrests followed. Tried separately and convicted of the offenses here at issue, Mitchell testified against Taylor as a State's witness at trial. Mitchell identified Taylor as his accomplice during the incident. Further, Mitchell stated that he and Taylor drove to the crime scene together and gained entry into the residence by breaking through a glass door.

Following a jury trial, Taylor was convicted of the offenses and filed a motion for new trial. At the trial court's hearing thereon,

Mitchell recanted his trial testimony to the effect that he and Taylor had broken into Ward's home together, indicating instead that Taylor had neither accompanied him to Ward's home nor known of his intent to commit an armed robbery while there.

1. The complaint that the evidence was insufficient, although unsupported by citation to the record or relevant authority, as here, requires a review of the evidence in the light most favorable to the verdict. *Howard v. State*, 200 Ga. App. 188, 189 (2) (407 SE2d 769) (1991). So viewed, we conclude that the evidence was sufficient to have authorized any rational trier of fact to have found the essential elements of the crimes at issue beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see also OCGA § 16-8-41 (a) and *Crowder v. State*, 241 Ga. App. 818, 818-819 (1) (527 SE2d 901) (2000) (armed robbery); OCGA §§ 16-5-21 (a) (2) (aggravated assault); 16-7-1 (a) (burglary); and 16-11-106 (a) (possession of a firearm during the commission of a crime).

2. Further, Taylor contends that the trial court erred in denying his motion for new trial, arguing that Mitchell's recanted testimony at the trial court's hearing on the motion constituted newly discovered evidence. We disagree.

"Motions for new trial upon the ground of newly discovered evidence are addressed to the sound discretion of the trial judge, and a refusal to grant the motion will not be reversed unless that discretion is abused." (Citations and punctuation omitted.) *Lester v. State*, 278 Ga. App. 247, 253 (6) (628 SE2d 674) (2006). The exercise of such discretion "is entitled to great consideration." (Citation, punctuation and footnote omitted.) *Thompson v. State*, 291 Ga. App. 355, 360 (4) (662 SE2d 135) (2008). And the party seeking a new trial on the ground of newly discovered evidence bears the burden of satisfying the court:

> (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness.

(Citations and punctuation omitted.) *Timberlake v. State*, 246 Ga. 488, 491 (1) (271 SE2d 792) (1980). "Failure to show one requirement is sufficient to deny a motion for a new trial." (Citation omitted.) Id.

Here, Mitchell's testimony at the hearing on the motion for new

trial in which he stated that he had proceeded to the crime scene alone and that Taylor had not known of his intent to commit a crime at the Ward residence did not authorize a new trial because it was cumulative of other evidence offered at Taylor's trial. Specifically, Keely Reed, who lived with Taylor, Taylor's girlfriend, and Mitchell, testified that Taylor was at their home on the night of the crime and did not leave. Moreover, Mitchell testified that he and Taylor broke through a glass door and entered Ward's home without authority, having driven there together. Thus, Taylor's reliance on OCGA § 24-9-85 (b) is misplaced in such regard. See id. ("If a witness shall willfully and knowingly swear falsely, his testimony shall be disregarded entirely, *unless corroborated by circumstances or other unimpeached evidence.*") (emphasis supplied). Given the foregoing, we find that the trial court did not abuse its discretion in denying Taylor's motion for new trial on the ground of newly discovered evidence.

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

## DECIDED DECEMBER 17, 2010.

*William C. Mewborn III,* for appellant.
*Richard R. Read, District Attorney, Roberta A. Earnhardt, Assistant District Attorney,* for appellee.