# Court of Appeals
# of the State of Georgia

ATLANTA,  January 29, 2018

*The Court of Appeals hereby passes the following order:*

**A18A0850.  THOMAS C. LESTER v. THE STATE.**

In 2002, Thomas C. Lester was convicted of three counts of child molestation, one count of aggravated child molestation, and one count of aggravated sexual battery. He was sentenced to 20 years' imprisonment on the child molestation and aggravated child molestation counts, the terms to run concurrently with each other, and to 20 years' imprisonment on the aggravated sexual battery count, the term to run consecutively to the other terms.  Lester appealed, and in 2006 his convictions were affirmed on appeal.  See *Lester v. State*, 278 Ga. App. 247 (628 SE2d 674) (2006). In 2016, he filed a "motion to correct sentence error," claiming that his conviction for aggravated sexual battery should have merged as a matter of fact with one of his convictions for child molestation, and that his sentences for those convictions should run concurrently.  The trial court denied the motion, and Lester appeals from that order.  We, however, lack jurisdiction.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."  *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  When a sentence is within the statutory range of punishment,

it is not void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Lester's merger claim is a challenge to his convictions, not his sentences, and thus does not state a valid void-sentence claim.  See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010) (a claim of failure to merge a conviction as a matter of fact is a challenge to a defendant's conviction and not a valid void-sentence claim). Because Lester has not raised a valid void-sentence claim, we lack jurisdiction to consider his appeal.  See *Harper*, 286 Ga. at 218 (2).  Moreover, to the extent that Lester's motion could be construed as seeking to vacate or modify his convictions, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," id. at 218 (1), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*__01/29/2018_____
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*